**Wolf v. Kotsopoulos**

308

*Jay M. Borowsky* and *Marc Vogin,* for plaintiff
*Eric S. Carroll,* for defendant

DINUBILE, *S.J.,* February 26, 2013—This is an appeal by the plaintiff, Arleen Wolf (hereinafter referred to as "plaintiff") from a denial of post trial motions on December 17, 2012 and entry of judgment in favor of defendant, George Kotsopoulos (hereinafter referred to as "defendant"). Although the finding in favor of defendant and against plaintiff was announced at the conclusion of the trial held on October 18, 2012, no formal decision was entered until the filing of the findings of fact and conclusion of law on October 24, 2012. See, findings of fact and conclusions of law as well as this court's order denying post trial motions, which are made part of this record.

At first blush, this case appears to be a simple demand for payment on a note to secure a mortgage. Since the

obligor failed to pay, it would appear that the obligee on the note should recover. The particular facts of this case dictate otherwise. The note in question was signed by the defendant on January 9, 2003 in favor of the plaintiff, purportedly to secure a mortgage on the second floor duplex located at 331B South 41st Street Brigantine, New Jersey (hereinafter referred to as "property" or "premises"). The face amount of the note was for $131,000.00, payable in 30 years at an annual interest rate of 6%. Monthly payments of $784.41 had been made by an entity known as Wolf Properties until March of 2011. Thereafter, no further payments were made. Plaintiff then sued defendant for the balance due of $114,867.28. As stated, this court found in favor of the defendant holding that by virtue of the sale of his interest in the property in April 2004, his obligation under the note was extinguished.

The facts and circumstances surrounding the background, execution, and payment of the note are far from simplistic. Before his death in October 2006, Edward Wolf, the plaintiff's husband, was an attorney who practiced law as a partner in a law firm in which his son, Michael Wolf, was a member and later a partner. Michael Wolf was also the stepson of the plaintiff. Over the course of the years, in addition to practicing law together, father and son also entered into a real estate enterprise venture in which properties were purchased, rehabilitated, rented, and sold. After Edward Wolf's death, litigation arose in this court in 2008. The case came before the Honorable Albert W. Sheppard of the commerce court division in 2010. The suit, simplistically put, involved the plaintiff,

both individually and as the co-executor of her deceased husband's estate against the interests of her step-son, Michael Wolf. Plaintiff's position in this earlier suit was that she and the estate possessed an interest in all of these properties that comprised the real estate venture. To the contrary, Michael Wolf asserted that there existed a joint tenancy with right of survivorship between him and his father; therefore, upon his father's death, the properties passed to him. Judge Sheppard, by his findings in August of 2010, determined that the overwhelming majority of the real estate (24 of 27 properties) passed to Michael Wolf as a joint tenant with right of survivorship, denying plaintiff and the estate any interest therein. The remaining properties were awarded, along with certain monetary adjustments, to plaintiff and the estate. See Judge Albert W. Sheppard's finding and opinion dated August 16, 2010, as well as his supplemental order and opinion dated January 24, 2011, which are made part of the record.

With this background in mind, the court's factual determination in favor of defendant can be discerned more readily. The defendant, who is also an attorney, and Michael Wolf were close friends. Michael Wolf owned a home in Brigantine, NJ across the street from the property. The premises was a duplex in which the defendant owned the street level unit. It was proposed sometime in 2002 that the defendant, together with Michael Wolf, purchase the upstairs unit. The defendant was actively involved with a real estate title group. Title insurance had been purchased for some of the properties by the Wolf real estate venture through the group. Financing for the purchase of this

property was first obtained through the defendant's contacts; shortly thereafter, the property was refinanced though Roxborough - Manayunk Bank (hereinafter referred to as "RMB"). RMB had financed many of the Wolf properties. About five or six months after the refinancing, in January of 2003, Mr. Wolf brought in his father to become a co-owner of the property. The father and son were to own 2/3 of the Property, and the defendant was to own 1/3. Edward Wolf also agreed to pay off the mortgage and include this Property as part of the Wolf real estate holdings. Since the defendant was receiving the benefit from the satisfaction of the RMB mortgage, Edward Wolf and his son had the defendant execute the note in question on January 9, 2003. The obligee on the note was not Edward Wolf, however, but rather his wife, the plaintiff. She, over the years, had participated in the Wolf real estate venture with her husband and stepson. The check to pay off the mortgage to RMB in the amount of $131,000.00 was drawn on a joint account of the plaintiff and her husband on the same date as the execution of the note on January 9, 2003. She knew nothing of the existence of this particular note until some years later and never saw the original, obtaining a copy for the first time in 2006.

In April of 2004, defendant transferred his interest in the property to Michael Wolf and his father for the sum of $31,000.00, representing defendant's 1/3 equity interest in the property. The money was paid to defendant by the real estate enterprise though a check paid to the enterprise from the plaintiff and Edward Wolf's joint account. At the time of the transfer, defendant received the original note

from Edward and Michael Wolf. Since his obligation on the note was fulfilled, he destroyed it.

Plaintiff argues that defendant is obligated to pay the balance owed on the note because the two checks issued on plaintiff's joint account with her husband, Edward Wolf, namely the January 2003 check of $131,000.00 and the $31,000.00 check issued at the time of the transfer of defendant's interest in April 2004, supports this contention. It is asserted that the January 2003 sum of $131,000.00 paid off the RMB mortgage evidencing plaintiff's consideration as an obligee on the note in question. This court disagrees with that contention. The transfer of defendant's interest in the property terminated his obligation under the note. It must be first noted that Judge Sheppard, in his opinion of August 2010, made reference in a footnote that defendant had transferred his interest in the property to the Wolf partnership. Judge Sheppard's opinion of August 16, 2010, in the case of the *Estate of Edward Wolf and Arlene Wolf v. Michael Wolf,* April Term 2008, No. 03880, previously cited, is incorporated by reference into this court's finding. See, particularly, footnote 1 on page 3 of Judge Sheppard's opinion, dated August 16, 2010.

This court concludes that the property was part of the Wolf real estate enterprise, which passed to Michael Wolf at his father's death. The two checks were issued on behalf of her husband and the Wolf enterprise. Therefore, the enterprise owned the property, and not plaintiff. The sale of the defendant's interest in April 2004, coupled with the turning over of the original note by Michael Wolf to defendant, supports the finding that the latter's obligation under the note was terminated. The following facts also

support this court's findings:

1.    Plaintiff had no knowledge of the note's existence until years after it was executed.

2.    The check to satisfy the RMB mortgage came from a joint account of plaintiff and her husband, which was issued without her knowledge.

3.    The $31,000.00 check of April 2004 went through the enterprise to pay defendant for his interest in the Property.

4.    Michael Wolf is presently the sole owner of the Property.

5.    Payments on the note, beginning in February 2003 until March 2011 were never paid by defendant, but rather by the Wolf enterprise through Michael Wolf's wife, Debbie Wolf. Consequently, this court finds in favor of defendant, George Kotsopoulos and against plaintiff, Arleen Wolf.

Plaintiff's counsel, in post trial motions, essentially asserts that this court should reverse its fact findings to the benefit of the plaintiff. It is argued that the $131,000.00 check to pay off the mortgage on the property in question in January of 2003 and the $31,000.00 sum to pay the defendant for his equity in the property in April of 2004, came from plaintiff's joint account with her now-deceased husband, supports the fact that she is the intended oblige on the note. This court has rejected this contention as evidenced by its findings of fact and conclusions of law of October 24, 2012. This court will not reverse these

findings. See, *Levitt v. Patrick*, 976 A.2d 581 (Pa. Super. 2009).

It is further argued that the Wolfs had no authority to extinguish the debt to plaintiff because there was no evidence presented that they were the plaintiff's agents. This contention misconstrues this court's findings. This court does not assert that they were ever plaintiff's agents, but rather were acting on their own behalf in engaging in the real estate venture. When the mortgage was paid off, and defendant's interest in the property was purchased, the Wolfs were acting solely for themselves and not for the plaintiff. Therefore, they have every right to extinguish defendant's obligation on the note in question.